IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.  15-563-01 |
| | : | |
| v. | : | |
| | : | |
| STEVEN HAMEED | : | |

<u>**MEMORANDUM OPINION**</u>

**Savage, J.**                                                                                                           **February 16, 2017**

      On June 29, 2016, pursuant to a plea agreement, the defendant pleaded guilty to one count of conspiracy, three counts of conversion of government property, one count of bank fraud, one count of corrupt interference with Internal Revenue laws, and one count of attempting to utter and pass a fictitious financial obligation.  One week later, he moved, *pro se*, to withdraw his guilty plea.

      After considering his contentions and reviewing his guilty plea colloquy, I denied his motion.  This memorandum opinion explains the rationale for the denial.

Legal Standard

      Pursuant to Federal Rule of Criminal Procedure 32(e), a defendant may withdraw a guilty plea if he has a "fair and just" reason for doing so.  The burden of demonstrating a fair and just reason falls on the defendant and is a substantial one. *United States v. Hyde*, 520 U.S. 670, 676-77 (1997); *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003).

      In considering a motion to withdraw a guilty plea, the district court must consider three factors: (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for wanting to withdraw the plea; and (3) whether the government

would be prejudiced by permitting withdrawal of the plea. *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001). The third factor is only considered if the defendant satisfies the first two factors. *United States v. Jones*, 336 F.3d 245, 255 (3d Cir. 2003). In other words, absent a claim of innocence or a strong reason for withdrawal of the plea, the government is not required to prove prejudice.  *United States v. Wilson*, 429 F.3d 455, 460 n.5 (3d Cir. 2005).

As to the first factor, a bald assertion of innocence is insufficient.  The defendant must recite facts that either contradict the government's charges or support a defense. *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001).   Hameed has done neither.

Contrary to his recent claim of innocence, Hameed admitted at his plea colloquy that he did what the government claims he did.  He stated he had read the factual basis as detailed in the government's change of plea memorandum which was incorporated into the record.  He did not dispute those facts.  The defendant's attorney confirmed that she had reviewed the factual basis with him.  The defendant himself, in his words, stated he had read the "evidence they were going to bring if we went to trial."  At no time did he protest or reject any of the facts the government contended it could prove.

Hameed has also failed to demonstrate a strong reason to withdraw his plea. One week after expressing his satisfaction with his attorney, he claims she  was ineffective.  He does not point to any specific act or failure to act that he contends supports his ineffectiveness claim as it relates to the plea proceedings.  Instead, he now claims she coerced him to plead guilty.

Before a plea may be withdrawn on the basis of ineffective counsel, the defendant must show that his attorney's advice was unreasonable under professional

standards and that he suffered "sufficient prejudice" as a result of his counsel's errors. *United States v. Jones*, 336 F.3d 245, 253 (3d Cir. 2003) (*citing United States v. Day*, 969 F.2d 39, 45 (3d Cir. 1992).

There is no indication that his former attorney forced or unduly influenced Hameed. Throughout the hearing, he conferred with counsel. More importantly, Hameed made all decisions himself. In fact, he was engaged in the whole process. He insisted on limiting the appellate waiver as part of his agreement with the government.

During his plea colloquy, the defendant acknowledged that he had read the indictment many times, his attorney explained the charges and the possible defenses to him, he had read and discussed the contents of the plea agreement with his lawyer before signing it, and he understood the government's version of the factual basis for the plea and his role in the offense conduct. He knew he had the right to go to trial. He was also advised of the rights that he would have at trial.

Hameed knew what he was doing. He insisted on conditions as part of the plea agreement. Although the plea agreement contained a waiver of appeal provision, he reserved the right to appeal the rulings precluding him from asserting at trial the constitutionality of the laws of the United States defining the charged offenses, the Internal Revenue Code, and Treasury regulations. He also preserved his claim that the federal court has no jurisdiction over him as a sovereign citizen and a Moorish citizen.

Hameed having failed to satisfy the innocence or the good reason factors, we do not reach the prejudice-to-the-government factor. However, without going into detail,

we acknowledge the government's position has support.

## Conclusion

The defendant did not establish his innocence or show a strong reason to withdraw his plea.  Therefore, we denied his motion to withdraw his plea.

/s/ Timothy J. Savage, J.